**Pasquale CAVELLERI, Plaintiff,**

v.

**ISTHMIAN LINES, INC., Defendant and Third-Party Plaintiff,**

v.

**INTERNATIONAL TERMINAL OPERATING CO., Inc., Third-Party Defendant.**

United States District Court
S. D. New York.

Dec. 30, 1960.

Reargument Denied Feb. 10, 1961.
See 190 F.Supp. 801.

Di Costanzo & Klonsky, Brooklyn, N. Y., for plaintiff, Robert Klonsky, Brooklyn, N. Y., of counsel.

Alexander, Ash & Schwartz, New York City, for third-party defendant, Sidney A. Schwartz, Joseph Arthur Cohen, New York City, of counsel.

IRVING R. KAUFMAN, District Judge.

Plaintiff, a longshoreman, brought this action to recover damages for personal injuries against the defendant shipowner, alleging negligence and unseaworthiness. The defendant then impleaded, as third-party defendant, the stevedoring company which employed the plaintiff, alleging that the injuries were caused by the failure of the third-party defendant to perform its services in a proper and workmanlike manner. By the motion presently before the court, the third-party defendant seeks to amend its answer, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., so as to assert a counterclaim against the plaintiff, its employee. Its theory is that, in the event that it is held liable to the defendant, this liability will have been caused by the negligence of the plaintiff himself. It thus relies on the maxim that a master is entitled to recover from its servant when the negligent acts of the servant have rendered the master liable to third persons.

It is significant that the third-party defendant has found no authority sustaining such a counterclaim in this situation. I am of the opinion that this theory, admittedly novel as applied to the instant case, cannot stand, for it is clear that there are no conceivable facts upon which the third-party defendant could recover. There are four hypotheses as to the cause of the accident which could be found at the trial; with respect to each, there would be no basis for a recovery on the counterclaim.

(1) The plaintiff could be found not to have been negligent. In this eventuality, regardless of how liability is apportioned between the shipowner and the employer, there would be no factual basis for recovery over against the plaintiff, since any such recovery would be premised on the contention that plaintiff was negligent.

(2) The defendant shipowner could be found not to have been at fault in any way. In this case, there would be no recovery for the plaintiff, and the action would be concluded.

(3) It could be found that the accident was caused by the concurrent fault of the plaintiff and the defendant shipowner. In this situation, because of the doctrine of comparative negligence which is applicable in admiralty cases, the plaintiff's recovery would be reduced in the proportion that his own negligence was found to be the cause of the accident. For example, if the plaintiff's damages total $100,000, and his own negligence was responsible, to the extent of 50%, for the accident, his damages would be reduced to $50,000. This would constitute a finding that there were damages to the extent of $50,000 *not* caused by plaintiff's own conduct. This amount, therefore, could not be rationally attributed to the plaintiff for the purposes of the counterclaim.

The amount attributable to the plaintiff's own negligence would be excised from his award before the question of indemnity would even be reached; the award would then cover solely the portion of the accident attributable to the shipowner's fault. Since the award would then no longer contain any element attributable to the plaintiff's own negligence, this negligence would, in effect, be removed from the case. Therefore, as in situation (2), there would no longer be any factual basis on which to premise a recovery over by the employer against the plaintiff.

(4) It could be found that the accident was caused by the concurrent fault of the plaintiff, the defendant shipowner, and employees of the third-party defend-

ant other than the plaintiff. In this case, as in situation (3), any portion of the accident attributable to plaintiff's negligence would be excised from his award, and hence from the case, before the question of indemnity is considered.

Since it is apparent that, whatever the proof be at trial, the third-party defendant could not recover upon the counterclaim sought to be asserted, the motion to amend the third-party answer is denied. So ordered.