**Pasquale CAVELLERI, Plaintiff,**

v.

**ISTHMIAN LINES, INC., Defendant and Third Party Plaintiff,**

v.

**INTERNATIONAL TERMINAL OPERATING CO., Inc., Third Party Defendant.**

United States District Court
S. D. New York.

Feb. 10, 1961.

DiCostanzo & Klonsky, Brooklyn, N. Y., for plaintiff.

Kirlin Campbell & Keating, New York City, for defendant.

Alexander, Ash & Schwartz, New York City, third party defendant.

IRVING R. KAUFMAN, District Judge.

In an opinion dated December 30, 1960, I denied the third-party defendant's motion to amend its answer so as to assert a counterclaim against the plaintiff. The third-party defendant then submitted an application for certification pursuant to 28 U.S.C. § 1292(b), in which the case of Holley v. The Manfred Stansfield, D.C. E.D.Va.1960, 186 F.Supp. 212, was brought to the Court's attention for the first time. Since it was urged that there was a conflict between that case and my opinion, I determined to consider the application as a motion for reargument, and requested the submission of briefs.

In my opinion I held that there was no conceivable set of facts upon which recovery on the counterclaim sought to be asserted could be had. In so doing, I examined what I conceived to be the four possible situations which could be found at the trial.

The controversy at this point is with respect to the third of these hypotheses: the situation in which the accident was caused by the concurrent fault of the plaintiff longshorcman and the defendant shipowner. I found that because of the doctrine of comparative negligence, which reduces the plaintiff's recovery against the shipowner in the proportion that his own negligence is the cause of the accident, any portion of the accident attributable to the plaintiff's own fault would be excised from his recovery before the question of the counterclaim against him would be reached. Thus, the remaining recovery would compensate for the portion of the accident not attributable to the plaintiff's fault. Therefore, there could be no basis upon which to predicate a recovery against the plaintiff on the counterclaim.

It is argued however, that Holley v. The Manfred Stansfield, D.C.E.D.Va. 1960, 186 F.Supp. 212, warrants a recovery by the plaintiff even when the plaintiff's own fault was the sole cause of the accident, if the plaintiff's fault operated to make the ship unseaworthy. However, the Holley opinion is somewhat

**802**

ambiguous in this respect, and it is difficult to reconcile the court's fixing of the extent to which the plaintiff's decedent's negligence contributed to the accident at 50% with a finding that the decedent's negligence was the sole cause of the accident. It appears likely, therefore, that the court was merely applying the doctrine of conditional unseaworthiness, see, e. g. Crumady v. The J. H. Fisser, 1959, 358 U.S. 423, 79 S.Ct. 445, 3 L.Ed.2d 413; Grillea v. United States, 2 Cir., 1956, 232 F.2d 919; Amador v. A/S J. Ludwig Mowinckels Rederi, 2 Cir., 224 F.2d 437, certiorari denied, 1955, 350 U.S. 901, 76 S.Ct. 179, 100 L.Ed. 791, and holding that the defendant shipowner was at fault in creating a latent condition which was activated by the decedent's negligence. If this were the case, the result as outlined in the third hypothesis of my original opinion would remain unchanged.

If Holley does, however, mean that a plaintiff whose negligence is the sole cause in creating an unseaworthy condition may recover, a result which seems anomalous, see Berti v. Compagnie De Navigation Cyprien Fabre, 2 Cir., 1954, 213 F.2d 397, this by no means indicates that a counterclaim such as that sought to be asserted here by the third-party defendant can be maintained. Any extension by Holley beyond prior law can be justified solely on the basis of the sympathies with which the Supreme Court has lately viewed the interests of seamen and longshoremen. Compare Mitchell v. Trawler Racer, Inc., 1960, 362 U.S. 539, 80 S.Ct. 926, 4 L.Ed.2d 941, with Mitchell v. Trawler Racer, Inc. 1960, 362 U.S. 539, 572, 80 S.Ct. 926, 944 (Harlan, J., dissenting). See also Crumady v. The J. H. Fisser, supra. To allow a counterclaim to be asserted *against* the plaintiff in the instant case, and thus to require him to be divested of his recovery, would therefore be directly contrary to the considerations implicit in these recent Supreme Court decisions.

Thus, I adhere to my original opinion, and deny the motion for reargument. However, since the question involved is admittedly a novel one, and none of the three parties involved opposes a certification for immediate appeal pursuant to 28 U.S.C. § 1292(b), I hereby certify that my decision denying the third-party defendant's motion to amend its answer involves a controlling question of law as to which there is substantial ground for difference of opinion, and further that an immediate appeal from this ruling may materially advance the ultimate termination of the litigation. So ordered.