Ignazio **MALFITANO**, Plaintiff,

v.

**KING LINE, LTD.**, Defendant and Third-Party Plaintiff,

v.

**JOHN W. McGRATH CORPORATION**, Third-Party Defendant.

United States District Court
S. D. New York.
March 16, 1961.

**400**

Robert Klonsky, DiCostanzo, Klonsky & Sergi, Brooklyn, N. Y., for plaintiff, Ignazio Malfitano.

Macklin, Speer, Hanan & McKernan, New York City, Martin J. McHugh, New York City, of counsel for third-party-defendant, John W. McGrath Corp.

Kirlin, Campbell & Keating, New York City, for defendant, King Line, Ltd.

LEONARD P. MOORE, Circuit Judge.[*]

Plaintiff moves to strike so much of the answer of the third party defendant as seeks to assert a counterclaim against plaintiff.

The complaint against King Line, Ltd., as owner of the S. S. King Malcolm, alleged that a contract to load and/or unload cargo on this vessel had been made between defendant and John W. McGrath Corp. (McGrath), a stevedoring company; that plaintiff, a longshoreman employed by McGrath was injured while performing work on the S. S. King Malcolm; and that plaintiff's injuries were caused by defendant's negligence and by the unseaworthy condition of the vessel.

Defendant, upon permission by court order, served a third party complaint upon McGrath alleging in substance that under the contract between defendant and McGrath, McGrath warranted that it would perform its stevedoring work in a careful and proper manner; that if defendant were held liable to plaintiff it would be because of the failure of McGrath and its employees (of which plaintiff was one) to comply with its warranty; and that it be indemnified to the full extent of any judgment for damages in favor of plaintiff.

McGrath answered the third party complaint and, after certain denials and a defense, set forth a counterclaim against plaintiff, the gist of which was that plaintiff in his capacity as hatch boss was under a duty so to perform his work as not to cast liability upon his employer, McGrath, and that if McGrath were adjudged liable to indemnify defendant, such liability would have been due to plaintiff's negligence. In such event McGrath seeks judgment against plaintiff for this amount. It is this counterclaim which plaintiff seeks to have stricken as a matter of law (Fed.Rules of Civ.Proc. 12(b, f), 28 U.S.C.A.).

In support of his motion, plaintiff relies heavily upon a recent decision in the Southern District of New York in Cavel-

[*] Sitting by designation.

leri v. Isthmian Lines, Inc. (Cavelleri v. International Terminal Operating Co., Inc.), D.C., 189 F.Supp. 525, 526, Kaufman, D.J. There the third party defendant sought leave to amend its answer to plead a counterclaim against the plaintiff, alleging substantially the same charges of negligence as are here presented. The court denied leave to amend upon the theory that there were "no conceivable facts upon which the third-party defendant could recover." In the opinion the court assumed four hypotheses as to the cause of the accident and found as to each that there would be no basis for recovery on the counterclaim.

■ One of the principal purposes (and hoped-for achievements) of the so-called modern or liberal approach to the function of pleadings in present-day litigation is to bring together in one trial all parties who might be liable because of the events giving rise to the subject matter of the suit. Thus, if there be cross claims between various defendants or liability over against third parties, these issues can be determined upon one trial at which all the facts are developed and the legal consequences declared by court or jury upon appropriate instructions. In this way separate or piecemeal trials are avoided and also the not unusual aftermath of separate and piecemeal appeals. These statements are exceedingly trite and may be coupled with many similar statements found in opinions declaring the reluctance of courts to decide factual issues upon summary judgment affidavits or upon pleadings without full disclosure upon a trial.

■ Particularly applicable is this philosophy here. All interested parties will be before the trial court—plaintiff, defendant and third party defendant. Why should a court upon this motion guess as to the facts which may be developed? How much more accurately can the trial judge apply the law to the facts then before him?

Plaintiff argues that the law is clear that no possible counterclaim can be suc-cessfully asserted against him by the third party defendant. This may well be but it would be a bold prophet indeed who would predict with certainty (or better with accuracy) the present and future law in the field of maritime negligence.

Adverting briefly to the four hypotheses assumed in Cavelleri, in the many cases represented as pending in which such counterclaims are asserted, there are likely to be factual situations which are not within these hypotheses. Furthermore, taking the court's hypothesis (3), there may be real doubt that a reduction of a plaintiff's damages on a comparative negligence theory (50% is assumed) would completely remove the plaintiff's negligence from the case. True, the plaintiff's recovery has been diminished fifty percent but the fact that the plaintiff and the defendant were both negligent remains. The plaintiff is not purged of negligence by the "excised" amount. Moreover, if the defendant were to recover against the third party defendant, such a judgment would have to be premised upon a failure of the third party to perform the work in a careful and proper manner by its employee charged with such failure. On the other hand, if no negligence were found, there would be no liability and, hence, no occasion to consider liability on the counter-claim.

No opinion need be expressed at this time on the merits of the substantive law questions presented and ably argued in the briefs submitted by both parties. These matters can best be resolved in the light of all the facts to be developed on the trial. In my opinion the most expeditious resolution of the respective rights of all the parties will be attained by allowing the case to proceed to trial on the pleadings as now framed. Undoubtedly, the problems raised will eventually have to be resolved by trial and appellate courts upon specific facts. A better opportunity to declare substantive law principles should be presented on the trial rather than on procedural motion.

The motion to strike is denied.