Stephen **FEENEY**, Plaintiff,

v.

**NATIONAL DEVELOPMENT COMPANY** and **United Philippine Lines**, Defendants, Third-Party Plaintiffs,

v.

**JOHN T. CLARK & SON OF BOSTON, INC.**, Third-Party Defendant.

Civ. A. No. 63–967.

United States District Court
D. Massachusetts.

April 21, 1964.

**732**

Robert P. Malone, Joseph F. Feeney, Boston, Mass., for plaintiff.

Robert J. Hallisey, Hiller B. Zobel, Bingham, Dana & Gould, Boston, Mass., for defendants.

Thomas R. Morse, Jr., Parker, Coulter, Daley & White, Boston, Mass., for third-party defendant.

SWEENEY, Chief Judge.

The plaintiff, a longshoreman, brought this action against two corporations, National Development Company and United Philippine Lines (Shipowners), for damages for injuries allegedly caused by the negligence of Shipowners and by the unseaworthiness of the vessel. Shipowners have answered denying liability and raising various affirmative defenses. They have also brought third-party complaints against John T. Clark & Son of Boston, Inc., the stevedore company which was the plaintiff's employer (Stevedore). The third-party complaints seek indemnity from Stevedore for all sums for which Shipowners may be liable to the plaintiff, and for expenses incurred in defending against plaintiff's claim, on the theory that any negligence or unseaworthiness would be the fault of Stevedore and would constitute a breach of Stevedore's warranty of workmanlike service.

Stevedore also has denied liability and has asserted two claims over against the plaintiff, one for amounts paid the plaintiff in compensation under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–950 (first claim), and the other for indemnity of any amounts it may be called upon to pay as indemnity to Shipowners (second claim).

Plaintiff, completing the circle, has crossclaimed against Shipowners for the amounts it may have to pay Stevedore.

Now before the Court are the plaintiff's motion to dismiss Stevedore's claims against him and Shipowners' motion to dismiss the plaintiff's crossclaims against them.

### Stevedore's First Claim

Under the Longshoremen's and Harbor Workers' Act, an employer is liable without fault for injuries or death occurring "upon the navigable waters of the United States," if state law provides no remedy, 33 U.S.C. § 903. However, the longshoreman-employee may, if a third person is liable to him in damages, elect to recover damages against such third person, in which event the compensation advanced to him must be refunded to the employer out of the employee's recovery against the negligent third person, § 933.

Stevedore's claim alleges that, pursuant to the provisions of the Act, it paid the plaintiff in excess of $1,000 for compensation and medical expenses, and pursuant to the provisions of the Act it seeks to be reimbursed for the amounts paid if the plaintiff recovers against Shipowners.

Since Stevedore is clearly entitled to reimbursement, the plaintiff's motion to dismiss this claim is denied.

### Stevedore's Second Claim

Stevedore claims that if it is found that Stevedore had an agreement with Shipowners, that this agreement was breached by Stevedore's failure to perform its work in a careful and work-

manlike fashion, and that the breach was caused by the plaintiff's failure to perform his work in a proper manner, Stevedore is entitled to indemnity against the plaintiff to the full extent of any judgment for damages in favor of the plaintiff, plus costs and attorney's fees.

In Cavelleri v. Isthmian Lines, Inc., 189 F.Supp. 525 (S.D.N.Y.1960), motion for reargument denied, 190 F.Supp. 801 (S.D.N.Y.1961), a similar claim by a third-party stevedore against the plaintiff longshoreman was denied on the ground that there were no conceivable facts upon which the stevedore could recover. Judge Kaufman reasoned that if the plaintiff were found not to have been negligent, no recovery against plaintiff could be had as any recovery against him would be premised on negligence. If it were found that the shipowner was not at fault, there would be no recovery by plaintiff and, consequently, no recovery against him. If, on the other hand, the accident was caused by the concurrent negligence of the plaintiff and the shipowner, or of the plaintiff, the shipowner and the stevedore, the plaintiff's damages would be reduced in the proportion his fault was found to have been the cause of the accident. Therefore, "The amount attributable to the plaintiff's own negligence would be excised from his award before the question of indemnity would even be reached; the award would then cover solely the portion of the accident attributable to the shipowner's fault. Since the award would then no longer contain any element attributable to the plaintiff's own negligence, this negligence would, in effect, be removed from the case." 189 F.Supp. at 526.

Cavelleri was followed in another case in the same District, Johnson v. Partrederiet Brovigtank, 202 F.Supp. 859 (S.D.N.Y.1962), which added to Judge Kaufman's reasons the observations that Congress and the courts have quite changed the common-law relationship of employer and employee in the shipping industry, altered the nature of liability to employees and reapportioned as between employer and employee the share of the employee's losses to be borne by each, and that to allow a claim such as Stevedore's would be completely contrary to the policy established in this field.

A contrary view was expressed in Malfitano v. King Line, Ltd., 198 F.Supp. 399 (S.D.N.Y.1961), based on the policy of avoiding piecemeal trials, and upon the advisability of resolving substantive issues upon specific facts.*

In my view Cavelleri and Johnson are the more persuasive of these authorities. While the Federal Rules were designed to avoid piecemeal trials and appeals, they do not require a trial of a claim which cannot be prosecuted successfully.

Stevedore argues that its claim is analogous to some recent cases which have permitted shipowners to seek indemnity from an employee for damages imposed on them by reason of an assault by such employee upon another employee. States Steamship Co. v. Howard, 180 F.Supp. 461 (D.C.Oreg.1960); Rodriguez v. United States Lines Co., 181 F.Supp. 95 (S.D.N.Y.1960); and Horton v. Moore-McCormack Lines, Inc., 326 F.2d 104 (2d Cir. 1964). But those cases are different in principle and theory. They permitted claims against third persons for intentionally causing harm to the plaintiff, while Stevedore in this case is asserting a claim for negligence against the plaintiff and is seeking to defeat any recovery the plaintiff may be entitled to for the wrongful acts of a third person.

The motion to dismiss this claim is allowed.

### Plaintiff's Crossclaim Against Shipowners

■ Insofar as this claim is based on Stevedore's claim for indemnity, it is dismissed in view of the ruling above,

---

* The only other cases in point, Cook v. The MV Wasaborg, 189 F.Supp. 464 (D.C.Oreg.1960); and Nicroli v. Den Norske Afrika-Og Australielinie, etc., 210 F.Supp. 93 (S.D.N.Y.1962) held against the stevedore on the merits without discussion of the propriety of such a claim.

while that portion of the crossclaim which is based on Stevedore's claim for reimbursement under the Longshoremen's and Harbor Workers' Act is dismissed on the ground that plaintiff is entitled to one recovery only.

In summary, the plaintiff's motion to dismiss Stevedore's claims against him is denied as to the first claim but allowed as to the second claim. Shipowners' motion to dismiss the plaintiff's crossclaim is allowed.