Clarence J. McGEE, Sr., and Willie Echols, Libelants,

v.

M.S. MEIJYUSAN MARU and Meiji Kaiun, K. K., Respondents,

v.

STRACHAN SHIPPING COMPANY, Respondent Impleaded and Cross-Libelant,

v.

MEIJI KAIUN, K. K., Respondent to Cross-Libel.

Nos. 4910, 4919.

United States District Court
E. D. Louisiana,
New Orleans Division.

March 1, 1965.

AINSWORTH, District Judge.

Judge Gus J. Solomon, sitting by special designation, tried this matter without a jury and handed down his written opinion on October 31, 1964, in which he found that the impleaded respondent and cross-libelant, Strachan Shipping Company, had breached its duty to perform its stevedoring work with reasonable safety and that libelant longshoremen had been injured as a result thereof. Judge Solomon found that respondents, the vessel owners, were therefore entitled to a judgment for indemnity, costs and attorneys' fees and that Strachan's cross-libel should be dismissed. He did not, however, fix the amount of the attorneys' fees and costs and left the matter open, returning it to us for determination.

We attempted to resolve the matter in pre-trial conference and, being unable to do so, set the matter down for hearing and took testimony and received evidence solely on the question of what reasonable attorneys' fees and costs should be in this case.

The firm of Chaffe, McCall, Phillips, Burke, Toler & Hopkins, proctors for respondents, seek payment of one half of their total bill of $7,000 for services, or the sum of $3,500, plus a pro rata of costs. In support of their case Mr. Andrew T. Martinez, partner of the firm of Terriberry, Rault, Carroll, Yancey & Farrell of this city, testified. Mr. Martinez and his firm are eminently qualified, being one of the most experienced firms specializing in admiralty matters and handling many cases involving longshoremen's claims against shipowners and frequently involving the claim over against the stevedore for indemnity. He said that he had reviewed the files, talked with the attorneys about pertinent details, and felt that a 50-50 division of the total fee charged the shipowners would be proper. He said that he had reviewed the bill for services and considered it sufficiently detailed. He thought a fee in the range of $3,000 to $4,000 would be fair.

Chaffe, McCall, Phillips, Burke, Toler & Hopkins, New Orleans, La., for respondents.

McClendon & McClendon, New Orleans, La., for respondent impleaded and cross-libelant.

Mr. Leon Sarpy of the Chaffe, McCall, Phillips, Burke, Toler & Hopkins firm, a senior member thereof, testified that he was thoroughly familiar with the case, had reviewed the medical and survey reports, had conferred frequently with his junior associate, Mr. Burke, had attended pre-trial conferences and considered that 10 hours of time should be ascribed to the defense of the longshoremen's claims insofar as his services were concerned; that he does not usually charge by the hour, but when he does, it is in the range of $40 to $45 per hour. He said that $7,000 fee charged the shipowners was fair; that exposure in the case was approximately $60,000 of potential liability and that he believed a 50 per cent division of the total fee for defense of the longshoremen's claims was fair and that this amount was devoted to the defense of the case.

Mr. James Burke, a junior associate in the firm, testified that he had done the greatest portion of the work in the case and that the statement of services detailed what had been done; that he thought the bill for services was fair and that 50 per cent, or $3,500, should be ascribed to the defense of the longshoremen's claims.

Mr. Harris M. Dulitz also testified as to a number of conferences with Mr. Burke and other attorneys and said that as attorney for libelant longshoremen, the principal claim had been evaluated at the sum of $45,000. It was finally settled for the sum of $22,500, which, together with $9,000 already paid in compensation, totaled the sum of $31,500 to the longshoremen. His fee, a one-third contingent arrangement, was $7,500 for his services.

Mr. Stuart McClendon, attorney in the firm representing respondent stevedoring company, testified he had participated in much of the work done in the case by Mr. James Burke; that they worked jointly in investigating the case, etc., and that a total of 60 hours was properly attributable to his own services. He felt that Mr. Burke's services should not exceed the same number of hours, of which only one third should be allocated to defense of the claim. However, the testimony indicates that much of the services performed by claimants was done independently of association with Mr. McClendon. Such a basis of comparison would therefore be incomplete.

■■ The Louisiana Supreme Court has said in Peiser v. Grand Isle, 224 La. 299, 69 So.2d 51 (1953) that "In estimating the value of services rendered by attorneys in any case, we take into consideration the responsibility incurred, which involves a consideration of the importance of the litigation, as well as the amount involved, the extent and character of the labor performed, and the legal knowledge and attainments and skill of counsel." It also pointed out that expert opinion in such cases is a guide but not necessarily controlling on the court.

We are quite familiar with the present case. We held two-pretrials before sending the case to Judge Solomon for trial, and there is no doubt the claims were serious and that there was an excellent chance of the longshoremen prevailing. It has been estimated by respondents' counsel that at least 100 hours were devoted to the defense of the case, of the total of 200 hours expended by this firm in connection with the litigation.

We have been cited several cases by counsel for the stevedore which we have reviewed very carefully but each case must stand on its own merits, and while there are bases of comparison which are similar to this case, we feel that an independent evaluation here is necessary.

■ The services involved, besides being important, were long and detailed and in our opinion good results were obtained which inured to the benefit of the respondents which have been cast in judgment. We believe the proposed charge of $3,500 for defense of the longshoremen's case is fair and reasonable under all circumstances. It is one half of the total bill charged to the shipowners and our opinion is that an allocation of

one half of the total services for defense of the claims is reasonable and proper. Costs in the sum of $272.03 are properly allocated to the defense of the case and must also be paid by the stevedore.

Accordingly, our award of attorneys' fees in favor of the firm of Chaffe, Mc-Call, Phillips, Burke, Tolar & Hopkins, proctors for respondents, is the sum of $3,500 plus reimbursement of costs in the sum of $272.03.

Decree will be entered accordingly.