Samuel **MOSLEY**, Plaintiff,

v.

**CIA. MAR. ADRA S.A.**, Defendant and Third-Party Plaintiff,

v.

**LIPSETT STEEL PRODUCTS, INC.**, Third-Party Defendant.

Civ. No. 127–204.

United States District Court
S. D. New York.

Jan. 27, 1966.

Gay & Behrens, New York City (George J. Engelman, New York City, of counsel), for plaintiff.

Cichanowicz & Callan, New York City (Victor S. Cichanowicz, New York City, of counsel), for defendant and third-party plaintiff.

Purdy, Lamb & Catoggio, New York City (Vincent A. Catoggio, New York City, of counsel), for third-party defendant.

## MEMORANDUM

MacMAHON, District Judge.

Plaintiff, a longshoreman employed by third-party defendant, was injured while loading scrap metal in a tween deck area of defendant's vessel. The jury, on a theory of unseaworthiness, returned a verdict in favor of plaintiff, but refused to award indemnity to the ship in its action over against the stevedore. Defendant now moves under Rule 50(b) of the Federal Rules of Civil Procedure for judgments n. o. v. against both plaintiff and third-party defendant, or, alternatively, for new trials. With regard to the main action, it contends that the vessel was seaworthy as a matter of law and that the award of $125,000.00 was unreasonably excessive; and with regard to the suit for indemnity, that the stevedore was liable over to it as a matter of law.

■ Taking these contentions one at a time, we have no doubt that the issue of seaworthiness was properly submitted to the jury and that the jury could reasonably have found that the tween deck area was not a reasonably safe place for plaintiff to perform his assigned task of removing obstructions from the chute in order to continue stowing the scrap cargo as directed. The jury could find from uncontradicted evidence that, on the occasion in question, plaintiff approached the chute over a deck littered with scrap, tried to secure an adequate footing but due to darkness could not see whether the scrap on which he was standing was firm or loose, reached upward and forward with an improvised hook, started to pull on a piece of scrap lodged in the narrow end of a tapered chute, and fell backwards when his footing gave way. We think the jury could reasonably have found that the lighting was so poor as to constitute an unseaworthy condition and the proximate cause of plaintiff's injuries. There was ample evidence that the daylight was all but blocked out of the hold by intense dust, the large intruding chute, the overhead magnet, and the high pile of scrap pyramided almost to the bottom of the coaming which framed the square of the hatch. Artificial lighting was available but not provided. The jury could also have reasonably found that the chute was tapered too narrow at the bottom for the size of some of the pieces of scrap and therefore unfit for its intended purpose; that the deck was so cluttered that it was a hazardous floor for the task assigned to plaintiff; that the primary method of clearing the chute was itself unsafe; or that any of these factors—the darkness, the chute, the size of the lodged piece of scrap, the littered deck, the method of clearing the chute—operated in combination, Krey v. United States, 123 F.2d 1008, 1010 (2d Cir. 1941), to create an unseaworthy condition.

■ Nor is the verdict excessive as a matter of law. There was evidence adduced that at the time of his injury plaintiff was earning between six and seven thousand dollars a year; that he could reasonably have expected to continue working as a longshoreman for nineteen years, with wage rates on the rise; and that as a result of his injury he is permanently disabled from performing the kind of heavy labor by which he has always earned his living. There was further evidence that his education is slight. This, combined with the fact that plaintiff is a Negro, substantially reduces his opportunity to mitigate damages in the fields left open to him. In addition, there was voluminous evidence of pain and suffering, past, present and future. Plaintiff appeared to have unfeigned difficulty walking to and from

**32**

the stand, a fact which the jury could surely consider. In short, while the award is high, it cannot be said to be unreasonably excessive.

■ Defendant's third contention is that it is entitled to indemnity as a matter of law. With this contention, we wholly agree. The law is clear that a stevedore is liable over if he himself created the unseaworthy condition, or if the performance of a workmanlike job called for the elimination of a known risk created by another. Mortensen v. A/S Glittre, 348 F.2d 383, 385 (2d Cir. 1965); Albanese v. N. V. Nederl. Amerik Stoomv. Maats., 346 F.2d 481, 484 (2d Cir.), rev'd on other grounds, 382 U.S. 283, 86 S.Ct. 429, 15 L.Ed.2d 327 (Dec. 13, 1965). Here, there is no question but that any unseaworthy condition obtaining in the tween deck area was created by the stevedore and that the verdict in its favor is against the weight of the evidence. Even if we assume that the absence of lighting was the only unseaworthiness and that this condition was in its inception wholly attributable to the owner's failure to provide internal lights, the stevedore could and should have corrected it. There was uncontradicted evidence that electrical outlets were installed in the hold where plaintiff was working and that, in another hold on an earlier day, the stevedore had made use of such an outlet to provide artificial illumination. In this regard, plaintiff's knowledge of inadequate lighting is imputable to his employer, third-party defendant. Mortensen v. A/S Glittre, supra, 348 F. 2d at 385.

Accordingly, defendant's motion for judgment n. o. v. against plaintiff is denied and the Clerk is directed to enter judgment for plaintiff in accordance with the jury's verdict. Defendant's motion for judgment n. o. v. against third-party defendant is, however, granted, and the Clerk is directed to enter judgment for defendant against third-party defendant. The jury's verdict for third-party defendant is hereby set aside. Defendant's alternative motions for new trials are in all respects denied.

So ordered.