Salvatore CUSUMANO, Plaintiff,

v.

Wilhelm WILHELMSEN, Defendant and Third-Party Plaintiff,

v.

PITTSTON STEVEDORES, INC., Third-Party Defendant.

No. 64 Civ. 635.

United States District Court
S. D. New York.

Feb. 16, 1967.

which like Kilkenny cats, * * * all lash out against each other in the hope that someway from someone, somehow all or part of the Sieracki-Ryan-Yaka-Italia fallout can be visited on another." D/S Ove Skou v. Hebert, 365 F.2d 341, 344 (5th Cir. 1966). (Footnotes omitted.)

The present case involves a suit by Salvatore Cusumano (Longshoreman) against Wilhelm Wilhelmsen, defendant and third-party plaintiff (Shipowner) with suit over by Shipowner against Pittston Stevedores, Inc., third-party defendant (Stevedore) and with counterclaims asserted by the Stevedore against both the Shipowner and the Longshoreman.

The case was tried to a jury, the jury being requested first to return a special verdict as between the Longshoreman and the Shipowner.

At the conclusion of the Longshoreman's case both the Shipowner and the Stevedore moved to dismiss. The Stevedore renewed its motion to dismiss at the conclusion of the defendant Shipowner's case both as to the Longshoreman and as to the Shipowner, which motions were renewed at the conclusion of the trial and in each case denied.

The jury returned a verdict, finding that the Shipowner was not negligent but that the vessel was unseaworthy and assessed total damages of $119,000. However, the jury also found that the Longshoreman's contributory negligence was such as to reduce his damages by 60 per cent, and awarded him $47,600.

Thereafter, on motion of the Shipowner, (and on the authority of Mortensen v. A/S Glittre, 348 F.2d 383 (2d Cir. 1965)), since there was no evidence of conduct on the part of Shipowner which would be sufficient to preclude recovery of indemnity, the Court directed a verdict over for the Shipowner against the Stevedore for the full $47,600. See D/S Ove Skou v. Hebert, supra, 365 F.2d at 350.

John G. Ennis, Brooklyn, N. Y., Benjamin Sergi, Brooklyn, N. Y., of counsel, for plaintiff.

Haight, Gardner, Poor & Havens, New York City, James M. Estabrook, Michael Curan, New York City, of counsel, for defendant Wilhelmsen.

Alexander, Ash & Schwartz, New York City, Joseph A. Cohen, New York City, of counsel, for defendant Pittston Stevedores, Inc.

## MEMORANDUM

TENNEY, District Judge.

The Court is presented herein with an interesting although not entirely novel extension of what have been described as the "amphibious Tinker-to-Evers-to-Chance juridical round robins churned by the swells of *Sieracki-Ryan-Yaka-Italia*,"[1] United States Lines Co. v. Williams, 365 F.2d 332, 333 (5th Cir. 1966), and again has one "of the growing number of multi-party Donnybrook Fairs in

[1.] See Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946); Ryan Stevedoring Co. v. Pan-Atlantic S. S. Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956); Reed v. The Yaka, 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448 (1963); Italia Societa per Azioni di Navigazione v. Oregon Stevedoring Co., 376 U.S. 315, 84 S.Ct. 748, 11 L.Ed.2d 732 (1964).

Moreover, even had the jury found in favor of the Stevedore, the Court would have had to direct a verdict N.O.V. in favor of the Shipowner. Mosley v. Cia. Mar. Adra S. A., 257 F.Supp. 30 (S.D. N.Y.), aff'd, 362 F.2d 118 (2d Cir. 1966).

The Stevedore withdrew its counterclaim against the Shipowner but presses its demand for a directed verdict against the Longshoreman on the ground that the conduct of its employee, the Longshoreman, is the sole cause of its being held liable to the Shipowner and that such conduct by the employee-Longshoreman was a breach of such employee's duty to his employer to perform his work in a proper and workmanlike manner.

This attempt to complete the juridical circle and end the litigation where it started appears to have been first considered in the case of Cook v. The MV Wasaborg, 189 F.Supp. 464 (D.Ore.1960), where the stevedore attempted to treat its employee libelant as its "vice principal" and as such liable for the full amount of the judgment. The Court, however, held that the authorities cited by the stevedore were cases where the employee was in a position of sufficient authority so that he could be viewed as the alter ego of the employer and, accordingly, since that was not the case therein the indemnity action by the stevedore against the longshoreman was dismissed.

Thereafter, in Cavelleri v. Isthmian Lines, Inc., 189 F.Supp. 525 (S.D.N.Y. 1960), motion for reargument denied, 190 F.Supp. 801 (S.D.N.Y.1961), in an action by a longshoreman against a shipowner for injuries, with the stevedore joined as third-party defendant, the stevedore moved to assert a counterclaim against the longshoreman for indemnity. Judge Kaufman, then a District Court Judge, denied the motion on the grounds that there were no conceivable facts upon which the stevedore could recover. He set forth four hypotheses as to the cause of the accident which could be found at the trial and with respect to which there would be no basis for recovery by the stevedore on the counterclaim:

(1) If the longshoreman were not negligent there could be no negligence on his part on which an indemnity to the stevedore could be based.

(2) If the defendant shipowner were not negligent or the ship unseaworthy, the plaintiff could not recover and the action would be concluded.

(3) If the accident were caused by the concurrent fault of the longshoreman and the shipowner, the longshoreman's recovery, because of the doctrine of comparative negligence, would be reduced in the proportion that his own negligence was found to be the cause of the accident. Since the amount attributable to the longshoreman's negligence would be excised, the remaining amount could not be rationally attributed to the longshoreman for the purpose of the stevedore's counterclaim.

(4) If the accident were caused by the concurrent fault of the longshoreman, the shipowner and employees of the stevedore other than the plaintiff longshoreman, again the portion of the award attributed to the plaintiff longshoreman's negligence would be excised and would not furnish the basis for indemnification by the stevedore of the shipowner.

On the motion for reargument, a further consideration was had with respect to the third hypothesis above mentioned. It was argued on the authority of Holley v. The Manfred Stansfield, 186 F.Supp. 212 (E.D.Va.1960) that the longshoreman might recover even when his own fault was the sole cause of the accident if such fault operated to make the ship unseaworthy. Although Judge Kaufman found the decision in *Holley* ambiguous,[2] he indicated, however, that if a longshoreman whose negligence is the sole cause in creating an unseaworthy condition may recover, this by no means indicates that a counterclaim by the stevedore against the longshoreman could be maintained.

2. See Holmes v. Mississippi Shipping Co., 301 F.2d 474 (5th Cir.), cert. dismissed, 371 U.S. 802, 83 S.Ct. 13, 9 L.Ed.2d 46 (1962).

Again, in Johnson v. Partrederiet Brovigtank, 202 F.Supp. 859 (S.D.N.Y. 1962), Judge Feinberg, then a District Court Judge, refused to permit the third-party defendant stevedore to assert a counterclaim for indemnity against a longshoreman in an action by the longshoreman against the shipowner for injuries caused by negligence and unseaworthiness. Such determination was reached not only on the basis of the authorities heretofore referred to, but on policy grounds as well.

Finally, in Nicroli v. Den Norske Afrika-Og Australielinie, 332 F.2d 651 (2d Cir. 1964), the Court held that to permit a counterclaim such as the one involved herein "would replace the risks of this hazardous calling on the longshoreman solely to promote a theoretical notion of symmetry" (id. at 656) and, accordingly, upheld the lower court in dismissing such counterclaim.

The Stevedore has attempted to distinguish *Nicroli,* supra, on the ground that the basis of the stevedore's liability to the shipowner in that case was the stevedore's failure to rectify a dangerous condition of which it had prior notice, and that, accordingly, the stevedore's liability was not based wholly and solely upon its employee-longshoreman's contributory negligence. However, the Court clearly held that the longshoreman's contributory negligence "would be sufficient to charge the stevedore with breach of its warranty of workmanlike service." *Ibid.*

■■ The Stevedore complains, and with some justification, that by reason of the Longshoreman's contributory negligence, the Shipowner has been given the benefit of a diminution of damages, but is then permitted to use that very same contributory negligence, which, according to *Cavelleri,* supra, is excised from the case, to obtain indemnity against the Stevedore by a motion for a

directed verdict on the authority of *Mortensen,* supra. This argument is more properly directed to the direction of a verdict against the Stevedore rather than to the Stevedore's counterclaims against the Longshoreman. Perhaps where the Longshoreman's negligence is the sole basis for holding the Stevedore liable, the Longshoreman and not the Stevedore having created the unseaworthy condition, the Shipowner rather than the Stevedore should bear the economic burden since it has received the economic benefit of the doctrine of comparative negligence. It would not appear that the courts have, as yet, accepted such a premise. Holley v. The Manfred Stansfield, supra. The problem is that

"Recovery in contribution is imposed by law and is measured by the relative fault of the joint tortfeasors or shared equally between them * * *; while recovery in indemnity for breach of the stevedore's warranty is based upon an agreement between the shipowner and stevedore and is not necessarily affected or defeated by the shipowner's negligence, whether active or passive, primary or secondary." Italia Societa per Azioni di Navigazione v. Oregon Stevedoring Co., 376 U.S. 315, 321, 84 S.Ct. 748, 752, 11 L.Ed.2d 732 (1964).

Even so, there may be cases where a percentage apportionment between shipowner and stevedore may be warranted. D/S Ove Skou v. Hebert, supra. In the instant case, the Stevedore has withdrawn its counterclaim against the Shipowner so that an apportionment cannot be effected by the device of counterclaim. See Pettus v. Grace Lines, Inc., 305 F.2d 151, 156 (2d Cir. 1962) (dissenting opinion of Judge Clark).

■ However, whatever problems or inequities exist, vis-a-vis the Stevedore and the Shipowner, neither the law [3] nor public policy presently authorizes re-

---

3. Cases such as Horton v. Moore Mc-Cormack Lines, Inc., 326 F.2d 104 (2d Cir. 1964), cited by the Stevedore, which involve assaults by employees for which the employer is held liable but obtains indemnity from the employee, are clearly not pertinent. Johnson v. Partrederiet Brovigtank, 202 F.Supp. 859, 865 n. 6 (S.D.N.Y.1962).

covery over by the employer-Stevedore against the employee-Longshoreman.

Accordingly, the Stevedore's counterclaim against the Longshoreman is dismissed. Claim for indemnification by way of attorney's fees and costs in behalf of the Shipowner may be reserved for further consideration after the exhaustion of appellate proceedings or at the request of Shipowner's counsel and upon the submission of the necessary proof to the Court may be fixed under the terms of the decree to be entered herein.

So ordered.