409 F.2d 1002
 Joseph ARICO, Anthony Ferrigno, Rocco Ciccone, Dominic Ciccone and Anthony R. Ciccone, Plaintiffs-Cross Appellees,
v.
CIE. DE NAVEGACION TRANSOCEANIQUE and Black Diamond Steamship Company, Defendants.
CIE. DE NAVEGACION TRANSOCEANIQUE, Defendant and Third-Party Plaintiff-Appellant,
v.
MARRA BROS., INC., Third-Party Defendant-Appellee-Cross Appellant.
 No. 176.
 No. 177.
 Docket 31716.
 Docket 31717.
 United States Court of Appeals Second Circuit.
 Argued January 20, 1969.
 Decided April 10, 1969.
 
 Nicholas J. Healy, New York City (Healy & Baillie, Thomas L. Rohrer, New York City, on the brief), for defendant and third-party plaintiff-appellant.
 Joseph Arthur Cohen, New York City (Alexander, Ash & Schwartz, Sidney A. Schwartz, New York City, on the brief), for third-party defendant-appellee-cross appellant.
 Robert Klonsky, Di Costanzo & Klonsky, Brooklyn, N. Y., for plaintiffs-cross-appellees, Joseph Arico and Anthony Ferrigno, and of counsel to Baker, Garber, Chazen & Duffy, Hoboken, N. J., for plaintiffs-cross-appellees, Rocco Ciccone, Dominic Ciccone and Anthony R. Ciccone.
 Before SMITH and HAYS, Circuit Judges and HENDERSON, District Judge.*
 HENDERSON, District Judge:
 The plaintiffs were employees of Marra Bros., a stevedoring company, hired to load a ship called the S.S. Geneve owned by the defendant, Cie. De Navegacion Transoceanique. During such work a boom fell and in scattering for cover the plaintiffs claimed they were injured. They sued the shipowner for negligence and unseaworthiness. The shipowner impleaded the plaintiffs' employer, Marra Bros., saying that, if liable, the ship had a right over for indemnity on the ground that Marra owed the shipowner the obligation and had warranted it would load the ship in a workmanlike manner, and that it had breached that warranty. Marra Bros. then counterclaimed against the plaintiffs, saying that if the breach of warranty was sustained, it had a right over against the plaintiffs themselves on the ground that they were the prime tortfeasors in failing to use equipment properly and as such must reimburse their employer on the doctrine of respondeat superior.
 The actions were consolidated and after a non-jury trial, on the issue of liability only, the court found no negligence or unseaworthiness on the part of the shipowner and, further, that the boom fell because of the negligence of the longshoremen plaintiffs in using the gear provided. The court dismissed the complaints, directed that the shipowner have indemnity against Marra Bros. for counsel fees and disbursements for breach of its warranty of workmanlike performance, but dismissed Marra's counterclaim against the plaintiffs for reimbursement of these expenses.
 A hearing was conducted to determine the reasonable value of legal services and disbursements incurred by the shipowner in defending the action, and the court allowed $3000 as attorney's fees and $1795.85 as disbursements. The shipowner has appealed from that order on the grounds that it was inadequate, and the stevedore has appealed from the dismissal of its counterclaim against the plaintiff longshoremen for counsel fees and disbursements it must pay the shipowner.
 The trial lasted three days and at the hearing the shipowner claimed a total number of hours of 310. It appeared that the total of the time spent on trial, argument of post-trial motions, the taking of depositions and preparation of answers to plaintiffs' complaints and interrogatories, was approximately 65 hours. An expert for the shipowner testified that 85% of the total time should be apportioned to the defense of plaintiffs' claims and that the reasonable value of attorney's fees was $12,500; however, he admitted that the total of 310 hours time for this case was high and that he was not personally familiar with the pleadings in the case.
 The trial judge did not set forth specific findings in fixing reasonable attorney's fees. Such findings, while desirable, are not unalterably demanded. We believe that the fixing of a fee of $3000 was not such an abuse of discretion as requires reversal. The court was not bound by the expert's testimony nor by his estimate of the percentage of total time attributable to the defense of the claim. McGee v. M. S. Meijyusan Maru, 239 F.Supp. 170 (E.D. La.1965). Judge Murphy specifically rejected the opinion of the expert and thus was free within the permissible bounds of discretion to evaluate the amount of time fairly spent and the percentage allocable to defense in arriving at a reasonable fee under the circumstances. While the figure arrived at is perhaps not the fee that others reviewing the case might individually have found if called upon to do so, the amount was arrived at after due consideration of the length of time spent, the problems involved, the standing of counsel at the bar, and the result. Having considered those factors, this court is not prepared to say that the figure arrived at was so low it amounted to an abuse of discretion.
 The refusal of the trial judge to allow certain disbursements was not error. The allowance of expenses is discretionary, and the refusal to allow traveling expenses of a defendant's ship employee from Europe and witness expenses for lost time, lost wages and expenses while in New York City, was not an abuse of discretion.[1] Such sums are expenses which, while allowable, are "perhaps acceptable to a client * * * [but] * * * not chargeable to an opposing party." Calderone v. Naviera Vacuba S/A, 204 F.Supp. 783 at 793-794 (S.D.N.Y.1962).
 The appeal of the stevedore from an order dismissing its counterclaim, seeking indemnification against the plaintiffs for any liability, including costs and disbursements, incurred by reason of defending against the negligence of the plaintiffs, presents no unique question. The dismissal here "was demanded by"[2] Nicroli v. Den Norske Afrika-Og Australielinie, etc., 332 F.2d 651(2d Cir. 1964), and another panel of this court recently adhered to that conclusion Longo v. Lehigh Valley R. R. Co., 407 F.2d 401 (2nd Cir. 1969). The claim that this case is distinguishable, since here the court found the plaintiffs to be 100% negligent, is not convincing since this case was tried under the same doctrine of comparative negligence and the requested result would frustrate the reasoning and policy behind that doctrine. Those considerations were clearly analyzed in Johnson v. Partrederiet, 202 F.Supp. 859 (S.D.N.Y. 1962) (Feinberg, J.) and Cavelleri v. Isthmian Lines, Inc., 189 F.Supp. 525, reargument denied, 190 F.Supp. 801 (S.D.N.Y.1960) (Kaufman, J.).
 
 
 1
 The judgment is affirmed.
 
 
 
 Notes:
 
 
 *
 Of the Western District of New York, sitting by designation
 
 
 [1]
 Farmer v. Arabian Oil Co., 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964); Torres v. Compania Transatlantica Espanola S. A., 261 F.Supp. 105 (D.P.R. 1966); Calif. Tanker Co. v. Todd Yards Corp., 1964 A.M.C. 775 (S.D.N.Y.1963)
 
 
 [2]
 McLaughlin v. Trelleborgs Angfartygs A/B, 408 F.2d 1334, at 1335 (2d Cir. 1969)