The **DOW CHEMICAL COMPANY**

v.

The **BARGE UM–23B**, its tackle, apparel, etc. and the **BARGE BC–598**, its tackle, apparel, etc., in rem, and Bartlett & Company, Missouri River Barge Lines, Inc., Cargo Carriers, Inc. and Upper Mississippi Towing Corporation, in personam, and the **VESSEL BIG LOUIE II** and Dorr Towing Company, Incorporated.

No. 805.

United States District Court,
E. D. Louisiana,
Baton Rouge Division.

Nov. 30, 1970.

**17.** *Cf.* Rivers v. Royster, 360 F.2d 592 (4th Cir. 1966).

J. Barbee Winston, James H. Roussel, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., for respondents, Bartlett & Co. and Missouri River Barge Lines, Inc.

J. Y. Gilmore, Jr., Faris, Ellis, Cutrone, Gilmore & Lautenschlaeger, New Orleans, La., for respondent, Upper Mississippi Towing Corp.

Tom F. Phillips, Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, La., for respondent, Cargo Carriers, Inc.

WEST, Chief Judge:

This libel action was brought by the Dow Chemical Company to recover the cost of replacing its mooring facility in the Mississippi River at Baton Rouge, Louisiana, which was struck by two breakaway barges, the BC–598, owned by Bartlett & Company, Grain, and Missouri River Barge Lines, Inc. and the UM–23B, owned by the Upper Mississippi Towing Corporation. Upon trial, this Court found that the negligence of Cargo Carriers, Inc. caused the initial breakaway of Barge BC–598 on March 28, 1964, and the breakaway of Barge UM–23B and its collision with the mooring facility on December 30, 1964, and that the Tug SKIPJACK, which was owned and operated by the independent contractor, Two-Twenty-Eight Terminal Services, Inc. was negligent after it captured the breakaway barge, BC–598, in failing to properly moor it, thus causing it to again break away and collide with the mooring facility. Judgment was therefore entered in favor of Dow Chemical Company against Cargo Carriers, Inc. in the amount of $13,128.00, together with five (5%) per cent interest, and against Two-Twenty-Eight Terminal Services, Inc. and their insurer, Insurance Company of North America, in the amount of $22,300.00, together with five (5%) per cent interest. Bartlett & Company, Grain, and Missouri River Barge Lines, Inc. (hereafter referred to as Bartlett) and Upper Mississippi Towing Corporation (hereafter referred to as Upper Mississippi), in their capacity as owners of the barges, successfully defended the claims against them. Dow Chemical Company v. Barge UM–23B, 287 F.Supp. 661 (E.D.La.1968); affirmed 424 F.2d 307 (CA 5–1970).

Since both barges originally broke loose from their moorings because of the negligence of Cargo Carriers, Inc., this Court further held, and the Court of Appeals affirmed, that Cargo Carriers, Inc. should indemnify the owners of the barges for their costs and attorneys' fees in defending this action. Since counsel for the respective parties have been unable to agree on what constitutes reasonable attorneys' fees and costs, the matter is now before this Court for determination of that issue.

A rather general standard for determining attorneys' fees is set forth in McGee v. M.S. Meijyusan Maru, 239 F. Supp. 170, 172 (E.D.La.1965), wherein it is stated that:

" 'In estimating the value of services rendered by attorneys in any case, we take into consideration the responsibility incurred, which involves a consideration of the importance of the litigation, as well as the amount involved, the extent and character of the labor performed, and the legal knowledge and attainments and skill of counsel.' "

As the attorneys for both Bartlett and Upper Mississippi readily admit, the time which was spent in pursuing their indemnity claim is not a proper subject of this award. Attorneys' fees can be only awarded herein for the defense of the main demand. Any such award of attorneys' fees must, of necessity, be in some measure arbitrary for the simple reason that determination of legal fees is not an exact science. Attorneys for both Bartlett and Upper Mississippi have, in separate briefs, perhaps coincidentally, come to the conclusion that they should each be awarded a fee of $4,000.00 plus taxable costs. The attorneys for Bartlett attempt to justify this fee on the basis of information allegedly contained on daily time records

maintained by them, while the attorneys for Upper Mississippi frankly state that it is quite impossible for them to ascertain the exact amount of time devoted to the main demand in this case. Suffice it to say that the fees which should be assessed against Cargo Carriers, Inc. in this case, particularly when they are being determined and set by the Court, should not be determined solely on a time basis. Our function is to try to set, as fairly as possible, a fee which will reasonably compensate the attorneys involved for the services rendered by them in connection with the main demand, and which will, after due consideration of the total circumstances involved, represent a fair and equitable fee to be assessed against Cargo Carriers, Inc.

 It is important to note that counsel for Two-Twenty-Eight Terminal Services, Inc. submitted a bill to their client for $3,500.00 plus out-of-pocket expenses, and counsel for Cargo Carriers, Inc. submitted a bill to their client for $3,750.00 plus out-of-pocket expenses. There is no doubt but that the full pressure of the defense of this case never fell upon the attorneys for Bartlett and Upper Mississippi. It was counsel for Two-Twenty-Eight Terminal Services, Inc. and counsel for Cargo Carriers, Inc. who carried the main burden of the defense. They were the ones with the real exposure, and they were the ones under real pressure in this suit. It was actually presence at the trial which was required of counsel for Bartlett and Upper Mississippi insofar as the main demand is concerned, rather than active participation in the trial itself. The interest of both Bartlett and Upper Mississippi, insofar as the main demand was concerned, was necessarily being protected during the trial by counsel for Two-Twenty-Eight Terminal Services, Inc. and Cargo Carriers, Inc., and thus, the major burden of the defense was borne by them.

Taking these factors into consideration, as well as all other factors, including due consideration of the time devot-ed to the case, it is the opinion of this Court that a fee of $2,000.00 plus costs is a fair and reasonable attorney fee to be assessed against Cargo Carriers, Inc. in connection with the defense of the main demand by Bartlett and Upper Mississippi.

The record shows that recoverable costs expended by Bartlett amounted to $313.03, and those expended by Upper Mississippi amounted to $335.10.

Thus, judgment will be entered herein against Cargo Carriers, Inc. and in favor of Bartlett & Company, Grain, and Missouri River Barge Lines, Inc., in the sum of $2,313.03, and against Cargo Carriers, Inc. and in favor of Upper Mississippi Towing Corporation in the sum of $2,335.10, together with legal interest thereon from date of this judgment until paid.